# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARY BOLDEN,<br><br>  Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; GOVERNMENT NATIONAL MORTGAGE ASSOCIATION AS TRUSTEE FOR SECURITIZED TRUST GINNIE MAE REMIC TRUST 2008-40; GINNIE MAE; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, AKA "MERS"; DOES 1 THROUGH 100 INCLUSIVE,<br><br>  Defendants. | Case No: 1:14-CV-00403<br><br>Hon. Sara L. Ellis |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC'S
## <u>MOTION TO DISMISS</u>

Lucia Nale
Michelle V. Dohra
Charles M. Woodworth
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600 (tel)
(312) 701-9342 (fax)

*Counsel for Defendant Mortgage Electronic Registration Systems, Inc.*

Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), through its attorneys, submit this memorandum of law in support of its motion to dismiss Plaintiff Mary Bolden's Complaint in its entirety pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

**BACKGROUND**

Plaintiff commenced this action after losing her home in *Wells Fargo Bank, N.A. v. Bolden*, No. 2010-CH-27944, in the Circuit Court of Cook County, Illinois (the "Foreclosure Action"), because she stopped making her mortgage payments over four years ago. Plaintiff borrowed $144,154.00 from Wells Fargo Bank, N.A. ("Wells Fargo"). Compl. ¶ 29; Declaration of Charles M. Woodworth in Support of Defendant's Motion to Dismiss ["Woodworth Decl."] Ex. 1, Exs. A ["Mortgage"], B ["Note"]. The loan was secured by the Mortgage on Plaintiff's home, which is located at 12156 South Parnell Avenue, Chicago, Illinois 60628 with a property ID number of 25-28-120-036-0000 (the "Property"). Compl. ¶ 8, 12, 14, 29; Mortgage at 2, 9.

When Plaintiff stopped making her monthly payments in 2010, Wells Fargo filed the Foreclosure Action. *See* Woodworth Decl. Ex. 1 ["Foreclosure Complaint"]. Of the defendants named here, Wells Fargo was the only participant in the Foreclosure Action—neither MERS nor the Government National Mortgage Association, as Trustee for Securitized Trust Ginnie Mae REMIC Trust 2008-40 ("Ginnie Mae"), were named as plaintiffs or defendants.[1] *See id.* at 1.

Over the next four years, Plaintiff filed several motions unsuccessfully contesting the foreclosure. On September 13, 2012, the state court granted Wells Fargo summary judgment against Plaintiff and entered a Judgment of Foreclosure and Sale with a total judgment amount of

---

[1] As of the date of filing of this motion, it appears that MERS is the only defendant to have been served. Regardless, the Complaint should be dismissed in its entirety against all Defendants as set forth in Sections I and II, *infra.*

$169,459.56. *See* Woodworth Decl. Exs. 2 ["Summary Judgment Order"], 3 ["Foreclosure Judgment"]. Plaintiff filed two essentially identical motions to vacate the Foreclosure Judgment because, *inter alia*, "[t]he plaintiffs made false statements of material fact when they alleged that any one of them, had standing to bring a foreclosure suit against the defendant / mortgagors." *See* Woodworth Decl. Exs. 4, at 5 (December 14, 2012 Motion), 6, at 5 (August 26, 2013 Motion). The state court denied both. *See* Woodworth Decl. Exs. 5 (June 17, 2013 Order), 7 (November 14, 2013 Order).

On March 10, 2014, the state court entered an order approving the foreclosure sale. *See* Woodworth Decl. Ex. 8 ["Order Approving Sale"]. Plaintiff filed her identical motion to vacate one last time, and it was stricken on June 2, 2014, making the Order Approving Sale final. *See* Woodworth Decl. Exs. 9 (March 18, 2014 Motion), 10 (June 2, 2014 Order).

On March 7, 2014, Plaintiff commenced this action just before the state court entered the Order Approving Sale, or final judgment, in the Foreclosure Action. She asserts ten purported claims against each of the defendants, including MERS: (1) wrongful foreclosure; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional infliction of emotional distress; (5) quiet title; (6) slander of title; (7) declaratory relief; (8) violation of the Truth In Lending Act ("TILA"); (9) violation of the Real Estate Settlement Procedures Act ("RESPA"); and (10) rescission. Compl. ¶¶ 56–153.

All of Plaintiff's claims are based on Plaintiff's alleged "dispute[]" regarding "the title and ownership of the real property in question"—the Property—which Plaintiff alleges "is the subject of this action." Compl. ¶ 14. Seven of the ten counts seek declaratory relief that, *inter alia*, "[d]etermines all adverse claims to the real property in this proceeding" and "Plaintiff is entitled to exclusive possession of the property." Compl. at 25, 26–31. To grant Plaintiff's

2

requested relief on any of her claims, this Court would have to review ***and contradict*** the Order Approving Sale, which conclusively settled Plaintiff's rights vis-à-vis the Property. Accordingly, this Court lacks subject-matter jurisdiction over this action pursuant to the *Rooker-Feldman* doctrine. Insofar as this court retains jurisdiction over any of the claims, they are all barred by *res judiciata* because they were or could have been adjudicated as part of the Foreclosure Action. And even if this Court had jurisdiction and the claims were not barred by *res judicata*, Plaintiff has failed to plead a plausible claim for relief because the only relevant facts alleged about MERS are demonstrably false based on documents, such as the Mortgage and Note, that are incorporated by reference into the Complaint and are also public property records that are subject to judicial notice.

The Complaint should be dismissed for a lack of jurisdiction or on the merits with prejudice.

**STANDARD OF REVIEW**

A plaintiff must provide the grounds of its entitlement to relief, which requires more than labels and conclusions: "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court accepts "well-pleaded facts" as true, but the Court is "not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 657–58 (7th Cir. 2002). Allegations of fraud must be pleaded "with particularity" under Rule 9(b), including description of the "who, what, when, where, and how" of the alleged fraud. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441, 445–47 (7th Cir. 2011). And courts may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. *See 520 S. Mich. Ave. Assocs. v. Shannon*, 549 F.3d 1119, 1137 n.14 (7th Cir. 2008).

# ARGUMENT

## I. THIS COURT LACKS JURISDICTION TO REVIEW THE FINAL STATE COURT JUDGMENT IN THE FORECLOSURE ACTION UNDER THE *ROOKER-FELDMAN* DOCTRINE.

This Court lacks jurisdiction over some, if not all, of the claims in Plaintiff's Complaint. The *Rooker-Feldman* doctrine "deprives federal district and circuit courts of jurisdiction to hear 'cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Commonw. Plaza Condominium Ass'n v. City of Chi.*, 693 F.3d 743, 745 (7th Cir. 2012) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16 (1923). The doctrine bars both "de facto appeals" "that directly seek to set aside a state court judgment" and those claims that are "'inextricably intertwined' with a state court judgment." *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004) (quoting *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)). "To determine whether *Rooker-Feldman* bars a claim, [courts] look beyond the four corners of the complaint to discern the actual injury claimed by the plaintiff." *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008).

In the context of mortgage foreclosure proceedings, the *Rooker-Feldman* doctrine bars any action predicated on the purportedly wrongful foreclosure of the plaintiff's property. *See, e.g.*, *Reed v. Makowiecki*, 448 Fed. App'x 613, 614–15 (7th Cir. 2011) (modifying district court judgment to dismiss federal action alleging "the foreclosure was defective because [the bank] did not hold the original promissory note for [the borrower's] mortgage and, as a result, committed fraud by foreclosing on the property" for lack of subject matter jurisdiction); *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646–47 (7th Cir. 2011) (affirming dismissal based on *Rooker-Feldman* where plaintiff conceded that claims attacked state court foreclosure

judgment); *Taylor*, 374 F.3d at 533 (holding that "requesting the recovery of [plaintiff's] home is tantamount to a request to vacate the state court's judgment of foreclosure").

Here, at least seven of Plaintiff's ten claims directly seek to set aside the final judgment of the Foreclosure Action. Counts I and V through X, which include claims for "lack of standing/wrongful foreclosure" and "quiet title," all seek declaratory relief that, *inter alia*, "[d]etermines all adverse claims to the real property in this proceeding" and "Plaintiff is entitled to exclusive possession of the property." Compl. at 25, 26–31. To grant the relief sought, this Court would have to review (and vacate) the judgment of the state court that has already ruled against Plaintiff.

Furthermore, "the actual injury claimed by the plaintiff" (*Johnson*, 551 F.3d at 568) in all ten claims reveals that Plaintiff's entire Complaint is "inextricably intertwined" with the judgment in the Foreclosure Action (*Brokaw*, 305 F.3d at 664). Consider, for example, *Mumma v. Wells Fargo Bank, N.A.*, No. 12-cv-1073-GPM, 2013 WL 4761118 (S.D. Ill. Sept. 4, 2013). As that court recognized, "where Plaintiff seeks money damages for" various statutory and common law causes of action, "the question is whether relief on those claims would contradict the state's judgment." *Id.* at *3 (citing *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005)). All of Plaintiff's claims are founded on her (erroneous) allegations that the defendants lacked any interest in the Property based on the purported securitization of the proceeds from her mortgage. *See* Compl. at 3–12 (introductory and specific allegations: "Plaintiff, homeowner, disputes the title and ownership of the real property in question . . ."). But the Foreclosure Action already conclusively determined the respective rights of Plaintiff and the defendants in the Property. *Compare* Woodworth Decl. Ex. 8, *with* Compl. at 6 ("Plaintiff desires a judicial determination and declaration of its rights with regard to the Property and the corresponding

Promissory Note and Mortgage/Deed of Trust."). Plaintiff's request for declaratory relief and damages seeks an improper review of the state court's judgment and would require this Court to contradict the state court if any relief were granted.

## II. IN THE ALTERNATIVE, PLAINTIFF'S COMPLAINT IS BARRED BY *RES JUDICATA*.

Insofar as the *Rooker-Feldman* doctrine does not divest this Court of jurisdiction over Plaintiff's entire Complaint, any remaining claims are barred by *res judicata*. This Court has resolved *res judicata* arguments made in motions to dismiss where the complaint and judicially noticeable public records show that the plaintiff cannot state a claim. *See Novickas v. Proviso Tp. High Sch. 209*, No. 09-cv-3982, 2010 WL 3515793, at *2 (N.D. Ill. Aug. 31, 2010); *see also, e.g.*, Order at 3, *Maten v. Wells Fargo Bank, N.A.*, No. 13-cv-2642 (N.D. Ill. Dec. 13, 2013), ECF No. 11 (holding action barred by *res judicata* based on prior state foreclosure action). In addition, "[b]ecause the prior adjudication was in Illinois state court," this Court should apply Illinois law in deciding whether *res judicata* bars Plaintiff's claims. *Chi. Title Land Trust Co. v. Potash Corp.*, 664 F.3d 1075, 1079 (7th Cir. 2011).

Under Illinois law, *res judicata* applies if "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies." *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998). The first element is plainly satisfied. The state court's Order Approving Sale was a final judgment rendered by a court of competent jurisdiction. *See In re Marriage of Verdung*, 535 N.E.2d 818, 824 (Ill. 1989).

The third element also is satisfied because there is a partial identity of parties and the new defendants, including MERS, were allegedly in privity with parties to the Foreclosure Action. As an initial matter, there is no doubt that Wells Fargo and Plaintiff were both parties to the

Foreclosure Action and that *Plaintiff's* interest in the Property has been fully adjudicated. *See* Woodworth Decl. Ex. 8. MERS and the remaining defendants of this action are alleged to have an identity of interest with Wells Fargo. *See* Compl. ¶¶ 3–5, 7. "[P]rivity exists between a party to the prior suit and a nonparty when the party to the prior suit 'adequately represent[ed] the same legal interests' of the nonparty." *Agolf, LLC v. Vill. of Arlington Heights*, 946 N.E.2d 1123, 1132 (Ill. App. Ct. 2011) (alteration in original) (quoting *People ex rel. Burris v. Progressive Land Developers, Inc.*, 602 N.E.2d 820, 825 (Ill. 1992)). Moreover, "privity clearly exists between parties who share a mutual or successive relationship in property rights that were the subject of an earlier action." *Agolf*, 946 N.E.2d at 1132 (citing *Bd. of Educ. of Sunset Ridge Sch. Dist. No. 29 v. Vill. of Northbrook*, 692 N.E.2d 1278, 1285 (Ill. App. Ct. 1998)). Plaintiff alleges that MERS was a purported beneficiary of the Mortgage that was the subject of the Foreclosure Action and that it has or had some form of interest in the Property as the result of that Mortgage. *See* Compl. ¶ 7. Insofar as that is accurate (*but see* Part III.B), which is the sole basis for MERS's inclusion in this action, MERS's interests were aligned with Wells Fargo's interests.

The only remaining question is whether there is sufficient "identity" between the claims asserted in the state court suit and the claims asserted here. Separate claims "will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park*, 703 N.E.2d at 893. Under this transactional test, *res judicata* applies even if "'plaintiff is prepared in the second action (1) [t]o present evidence or grounds or theories of the case not presented in the first action, or (2) [t]o seek remedies or forms of relief not demanded in the first action.'" *Id*.

Plaintiff bases all of her claims in this case on allegations that Wells Fargo lacked standing to foreclose because of purported defects in the ownership of the Mortgage and Note

7

and the security interest in the Property that allegedly arose in the process of securitizing the proceeds of the Note. *See* Compl. ¶¶ 13–55. Plaintiff had previously challenged Wells Fargo's standing to foreclose in the Foreclosure Action multiple times by filing a motion to dismiss the foreclosure complaint and successive motions to vacate, which demonstrates that she had the opportunity to fully contest Wells Fargo's standing in that action. *See, e.g.*, Woodworth Decl. Ex. 4, at 5 ("The plaintiffs made false statements of material fact when they alleged that any one of them, had standing to bring a foreclosure suit against the defendant / mortgagors.").

Even if Plaintiff tried to argue that she did not raise identical claims in the Foreclosure Action, all of Plaintiff's alleged claims are still barred as a matter of law. Because *res judicata* "'extends to all matters that were offered to sustain or defeat the claim in the first action, as well as all matters that ***could have been*** offered for that purpose'" (*Eighteen Invs., Inc. v. Nationscredit Fin. Servs. Corp.*, 876 N.E.2d 1096, 1102 (Ill. App. Ct. 2007) (emphasis added)), that doctrine bars all of Plaintiff's claims here. Nothing prevented Plaintiff from asserting in state court the claims she improperly attempts to assert here. *See Stanley v. Hollingsworth*, 307 F. App'x 6, 10 (7th Cir. 2009) (*res judicata* barred claim that lender force-placed insurance on mortgage because there was "no reason why [plaintiff] could not have brought [the claim] in the foreclosure action"); *Schlangen v. Resolution Trust Co.*, 934 F.2d 143, 147 (7th Cir. 1991) (same).

Plaintiff's claims seek to defeat the very purpose behind *res judicata*—"to promote judicial economy by requiring parties to litigate, in one case, all rights arising out of the same set of operative facts and also [to] prevent[] the unjust burden that would result if a party could be forced to relitigate what is essentially the same case." *Henstein v. Buschbach*, 618 N.E.2d 1042, 1046 (Ill. App. Ct. 1993). The Complaint should therefore be dismissed with prejudice.

## III. PLAINTIFF'S COMPLAINT ALSO FAILS TO STATE A CLAIM AGAINST MERS.

Finally, even if this Court had jurisdiction to hear Plaintiff's claims *and* this action were not barred by *res judicata*, every count in the Complaint should still be dismissed for failure to state a claim against MERS upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, Plaintiff's claims fail because she has alleged only a few specific well-pleaded facts regarding MERS in her entire Complaint: those few allegations do not describe conduct that is objectionable in any way, and—most importantly—those allegations are demonstrably false based on materials incorporated by reference into her Complaint and other materials that are judicially noticeable.

### A. Taking Plaintiff's Allegations As True, Her Claims Fail.

Plaintiff makes allegations regarding MERS at five points in her Complaint. First, she makes allegations regarding MERS's existence as a party, including its place of incorporation and its status as "purported Beneficiary under the Mortgage/Deed of Trust and/or is a purported participant in the imperfect securitization of the Note and/or the Mortgage/Deed of Trust." Compl. ¶ 7. Second, Plaintiff makes assertions regarding what MERS does in the abstract without alleging any well-pleaded facts regarding its purported conduct at issue in this case. *Id.* ¶ 24. Third, Plaintiff alleges that MERS is "[t]he original beneficiary and nominee under the Mortgage/Deed of Trust." *Id.* ¶ 33. Fourth, Plaintiff realleges that "MERS was named the 'beneficiary' of the Mortgage/Deed of Trust" and that it (MERS) "has failed to submit documents authorizing MERS, as nominee for the original lender, to assign the subject mortgage to the foreclosing trustee." *Id.* ¶¶ 62–75. Fifth, in the Elrod Affidavit, Plaintiff incorporates the

9

allegation that MERS assigned the Mortgage in an Assignment of Mortgage, dated May 29, 2008 and recorded on April 16, 2008 as document number 10740179 in Cook County. Elrod Aff. ¶ 45.

None of Plaintiff's allegations regarding MERS suffice to state a plausible claim for relief on any of the ten counts in her Complaint. General allegations regarding MERS's corporate existence and its alleged business in the abstract do not entitle Plaintiff to relief. *See* Compl. ¶¶ 7, 24. Taking the allegations as true, there is nothing illegal or tortious about being the original beneficiary of Plaintiff's Mortgage. *See id.* ¶¶ 7, 33, 62. There is no reason why MERS would need to authorize itself to take action on its own behalf. *See id.* ¶ 69.

Nor do Plaintiff's specific allegations about MERS state a claim when combined with the general allegations regarding the conduct of the defendants generally. For example, Plaintiff asserts two fraud counts based on the purported concealment of the alleged securitization of the Mortgage (Compl. ¶¶ 76–92) but fails to satisfy Rule 9(b)'s heightened pleading standard (Fed. R. Civ. P. 9(b)) let alone plead all the elements of either claim. She alleges that the defendants as an amorphous group purportedly concealed that the Mortgage was allegedly securitized but she does not—and cannot—allege who made what misrepresentation to her or in what context. Compl. ¶ 77; *see Pirelli Armstrong*, 631 F.3d at 441, 445–47 (requiring allegations regarding "who, what, when, where, and how").

With respect to the elements, consider the first of the two fraud claims: to state a claim for fraudulent concealment, Plaintiff must allege "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; [] (5) plaintiff's damages resulting from the reliance"; and (6) "that the defendant concealed a material fact when it was under a duty to disclose to the plaintiff." *W.W. Vincent & Co. v. First Colony Life Ins. Co.*,

10

814 N.E.2d 960, 969 (Ill. App. Ct. 2004) (citing *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 591, 593 (Ill. 1996)).

Plaintiff cannot even allege a false statement of or concealment of a material fact. Her claim is premised on the mistaken assumption that "no single party would hold the Note" and that the "character of the loan" would be changed. *Id.* But "[t]he process of grouping mortgage loans into a security held by a trust, known as securitization, does not change the underlying loan obligations of the borrowers whose mortgages comprise the trust." *Jaimes v. JPMorgan Chase Bank, N.A.*, No. 12 C 3162, 2013 WL 677740, at *4–5 (N.D. Ill. Feb. 25, 2013) (collecting authority on securitization). Defendants, including MERS, cannot have misrepresented or concealed an allegedly material fact regarding the purported effect of securitization, as alleged, when securitization ***has no effect*** on Plaintiff's Mortgage or Note.

In addition, Plaintiff has not alleged that MERS or any of the defendants owed her a duty, and she cannot do so under Illinois law. The only defendant that she even alleges that she had a direct relationship with was Wells Fargo (*see, e.g.*, Compl. ¶ 29) but under Illinois law there is no general duty of care between a lender and a borrower. *See Northern Trust Co. v. VIII S. Mich. Assoc.*, 657 N.E.2d 1095, 1102 (Ill. App. Ct. 1995) ("a financial institution, acting within its conventional role as a lender of money, owes no duty of care to the borrower[.]"); *Pathway Fin. v. Beach*, 516 N.E.2d 409, 412 (Ill. App. Ct. 1987) ("We are aware of no authority that makes a lender the fiduciary of the borrower[.]"). Similarly, Illinois courts are reluctant to impose extra-contractual duties on a mortgagee beyond the obligations already owed under the express terms of the contract. *See Voyles v. Sandia Mortg. Corp.*, 751 N.E.2d 1126, 1130 (Ill. 2001) ("declin[ing] to recognize" "an independent cause of action in tort for the alleged breach of an implied duty of good faith and fair dealing arising from [the mortgage] contract," and affirming

trial court's dismissal of mortgagor's breach of duty of good faith and fair dealing claims against mortgagee); *cf. Teachers Ins. & Annuity Assoc. of Am. v. LaSalle Nat'l Bank*, 691 N.E.2d 881, 888 (Ill. App. Ct. 1998) ("A mortgagor-mortgagee relationship does not create a fiduciary relationship as a matter of law."). In short, Plaintiff can allege neither a misrepresentation nor a duty.

Count II is fatally defective on multiple levels, and the same is true of the remaining claims. Aside from Plaintiff's misunderstanding of securitization, which undermines each of her claims, Plaintiff's claims fail for additional reasons including the following:

- Counts I, IV, V: Plaintiff does not allege—***and*** judicially noticeable public records demonstrate—that MERS was not a party to the Foreclosure Action (s*ee* Exs. 1, 2, 3, 8; *520 S. Mich. Ave.*, 549 F.3d at 1137 n.14), nor can Plaintiff allege that MERS caused any actual damages.

- Count III: Plaintiff alleges (contrary to the findings of the state court) that defendants misrepresented their "entitle[ment] to exercise the power of sale provision contained in the Mortgage/Deed of Trust" (Comp. ¶ 86), however, Plaintiff has not and cannot allege the purported misrepresentation (which was already rejected by the state court) was "made with the purpose of inducing another party to act" (*Enter. Recovery Sys., Inc. v. Salmeron*, 927 N.E.2d 852, 858 (Ill. App. Ct. 2010).

- Counts VIII, IX: Beyond not alleging any specific violation of either TILA or RESPA by any defendant, Plaintiff does not allege that MERS originated the Mortgage. Compl. ¶ 29. Thus, she cannot allege that MERS was obligated to

provide any disclosures at the time of origination as is necessary to state a claim. *See, e.g.*, 15 U.S.C. § 1631; 12 U.S.C. § 2604.

- Count X: Under TILA, there is "no federal right to rescind defensively or otherwise, after the 3-year period of [15 U.S.C.] § 1635(f) has run." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998). Plaintiff's Mortgage was originated more than three years before she filed her Complaint. Compl. ¶ 29.

All ten counts should be dismissed with prejudice on this independent ground as well.

### B. Plaintiff's Few Allegations Regarding MERS Are Directly Contradicted By The Public Record and Documents Incorporated By Reference Into Her Complaint.

Moreover, Plaintiff's allegations regarding MERS's connections to this matter are blatantly false. In deciding a motion to dismiss, "[a] court may 'take judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies.'" *520 S. Mich. Ave.*, 549 F.3d at 1137 n.14; *see, e.g.*, *Hardaway v. CIT Grp./Consumer Fin. Inc.*, 836 F. Supp. 2d 677, 686 (N.D. Ill. 2011) (taking judicial notice of "documents available to the public via the Cook County Recorder of Deeds website . . . without converting the motion to one for summary judgment"). In addition, "'documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are *central* to his claim.'" *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (emphasis in original) (quoting *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). Plaintiff cannot "evade dismissal under Rule 12(b)(6) simply by failing to attach to [her] complaint a document that prove[s] that [her] claim ha[s] no merit." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

Here, Plaintiff's Complaint is based on her Mortgage and Note and therefore both are incorporated by reference. *See, e.g.*, Compl. ¶¶ 14, 113. In addition, her Mortgage was recorded with the Cook County Recorder of Deeds on April 16, 2008 as document number 0810740179. *See* Woodworth Decl. ¶¶ 12–13; Mortgage at 1. MERS is not the designated beneficiary or nominee of the Mortgage or Note. Instead, the original mortgagee is "WELLS FARGO BANK, N.A." Mortgage at 1. MERS is not mentioned anywhere on either document.

And there is not recorded assignment of mortgage from MERS to "GOVERNMENT NATIONAL MORTGAGE ASSOCIATION as Trustee for the TRUST 2008-40" or to any other party. *See* Woodworth Decl. ¶¶ 12, 14. *But see* Elrod Aff. ¶ 45. There is no assignment recorded on April 16, 2008, May 29, 2008, or on any other date after the Mortgage was executed. *But see id.* (One wonders how the purported assignment could have even been recorded before it was allegedly executed as Elrod attests.) Nor is there a document numbered "10740179" recorded with the Cook County Recorder of Deeds. *See* Woodworth Decl. ¶¶ 12, 15. *But see* Elrod Aff. ¶ 45. This is not a question of the legal effect of a given document or of the existence of a nonpublic document or of some other question of fact that could not be resolved on the pleadings: the Elrod Affidavit attests to the existence of a public record that any member of the public could verify does not exist in less than five minutes.

Where the only "factual allegations" connecting MERS to the vague general allegations that make up the rest of her deficient Complaint lack "evidentiary support," Plaintiff cannot state a plausible claim for relief against MERS. Fed. R. Civ. P. 11(b)(3).

## CONCLUSION

For the foregoing reasons, MERS respectfully requests that this Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction or on the merits with prejudice.

Dated: June 30, 2014

MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois  60606
(312) 782-0600 (tel)
(312) 701-9342 (fax)

Respectfully submitted,

Mortgage Electronic Registration Systems, Inc.


/s/  Charles M. Woodworth

By and through its attorneys

# CERTIFICATE OF SERVICE

       I, Charles M. Woodworth, an attorney, hereby certify that on June 30, 2014, I caused a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System. I further certify that on June 30, 2014, I caused a true and correct copy of this filing to be served upon the following individual by U.S. first class mail:

**Mary Bolden**
12156 Parnell
Chicago, IL 60628
773-568-1581

*Plaintiff, pro se*

                                                                      /s/ Charles M. Woodworth

                                                                       Charles M. Woodworth
                                                                       MAYER BROWN LLP
                                                                       71 South Wacker Drive
                                                                       Chicago, Illinois 60606
                                                                       Phone: (312) 782-0600
                                                                       Fax: (312) 701-7711
                                                                       E-mail: cwoodworth@mayerbrown.com