UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY BOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 14 C 403 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| WELLS FARGO BANK, N.A.; | ) |
| GOVERNMENT NATIONAL MORTGAGE | ) |
| ASSOCIATION AS TRUSTEE FOR | ) |
| SECURITIZED TRUST GINNIE MAE | ) |
| REMIC TRUST 2008-40; GINNIE MAE; | ) |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEM, AKA "MERS"; | ) |
| DOES 1 THROUGH 100 INCLUSIVE, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

After her property was foreclosed on in state court and her challenges to the foreclosure proceeding there were unsuccessful, Plaintiff Mary Bolden turned to federal court and filed this action disputing the title and ownership of the same property. In this action, she has sued several parties she claims had some involvement with the underlying mortgage and note that was at issue in the state foreclosure proceedings: Wells Fargo Bank, N.A. ("Wells Fargo"); Government National Mortgage Association as Trustee for Securitized Trust Ginnie Mae Remic Trust 2008-40; Ginnie Mae; Mortgage Electronic Registration System ("MERS"); and unnamed Does 1 through 100. MERS, the only Defendant to have appeared in the case, has filed a motion to dismiss Bolden's complaint.[1] Because Bolden's federal claims are time-barred and she has not

---

[1] It appears from the docket that Bolden attempted to serve Wells Fargo and Ginnie Mae through a law firm, Pierce & Associates, P.C., which represented Wells Fargo in the state court foreclosure proceeding. It is not clear whether Pierce & Associates, P.C. is authorized to accept service for either Wells Fargo or Ginnie Mae.

alleged an independent basis for the Court to consider her state law claims, the Court grants the motion to dismiss [25].

## BACKGROUND[2]

On April 8, 2008, Bolden obtained a $144,154 mortgage loan from Wells Fargo that was secured by a first mortgage and trust deed on her home at 12156 South Parnell Avenue, Chicago, Illinois (the "Property"). After Bolden allegedly failed to make payments on the loan, Wells Fargo filed a foreclosure action in state court in June 2010. The state trial court entered a judgment of foreclosure and sale on September 13, 2012. The order approving the foreclosure sale and distribution was entered on March 10, 2014. Bolden challenged the foreclosure judgment and sale several times in the state court proceeding, including after the sale was approved.

Meanwhile, Bolden brought this action against Wells Fargo, Ginnie Mae, and MERS on January 21, 2014. The complaint was deemed filed on February 20, 2014, when Bolden paid the filing fee.[3] Bolden alleges that Wells Fargo is the originator of her loan, Ginnie Mae is the trustee and master servicer of the Ginnie Mae Remic Trust 2008-40, and that MERS is the

---

[2] The facts in the background section are taken from Bolden's complaint and the exhibits attached thereto and are presumed true for the purpose of resolving MERS' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). A court normally cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009). Where a document is referenced in the complaint and central to plaintiff's claims, however, the Court may consider it in ruling on the motion to dismiss. *Id.* The Court may also take judicial notice of "facts readily ascertainable from the public court record and not subject to reasonable dispute" from the state court proceedings without converting the motion to dismiss to a motion for summary judgment. *Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012). Finally, where an exhibit contradicts allegations in the complaint, the exhibit controls over the conflicting allegations. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998).

[3] Because her application to proceed *in forma pauperis* was denied, the complaint is not deemed to have been filed until the date the filing fee was paid. *Dumas v. Decker*, No. 10 C 7684, 2012 WL 1755674, at *1 (N.D. Ill. May 16, 2012); *Humphries v. CBOCS W., Inc.*, 343 F. Supp. 2d 670, 672–73 (N.D. Ill. 2004). The month difference is immaterial for purposes of this motion.

purported beneficiary under the mortgage and trust deed. Her loan was allegedly securitized as part of the Ginnie Mae Remic Trust 2008-40. Bolden contends that the title and ownership of the mortgage and trust deed have been unlawfully sold, assigned, and transferred and thus that the Court should quiet title to the property in Bolden's name. She alleges that the process by which her loan was securitized was improper, so that no Defendant has perfected title or a security interest in her property. Bolden brings ten claims against the Defendants: (1) wrongful foreclosure; (2) fraudulent concealment; (3) fraudulent inducement; (4) intentional infliction of emotional distress; (5) slander of title; (6) quiet title; (7) declaratory relief regarding possession of the property; (8) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*;[4] (9) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; and (10) rescission. She seeks compensatory and punitive damages, in addition to declaratory relief.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of proof. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all

---

[4] Bolden's complaint also references HOEPA, the Home Ownership and Equity Protection Act, an amendment to TILA, as part of her TILA claim. The Court treats her HOEPA claim as part of her TILA claim. 12 U.S.C. § 1640(e); *Baker v. Wells Fargo Bank, N.A.*, No. 11 C 5420, 2012 WL 1886444, at *2 (N.D. Ill. May 23, 2012) (statute of limitations applicable to TILA and HOEPA claims is the same).

reasonable inferences in the plaintiff's favor. *See id.*; *United Phosphorus*, 322 F.3d at 946. If, however, the defendant denies or controverts the truth of the jurisdictional allegations (a factual challenge), the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established jurisdiction by a preponderance of the evidence. *See Apex Digital*, 572 F.3d at 443–44; *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. *Rooker-Feldman* Doctrine

MERS first argues that the Court lacks subject matter jurisdiction over Bolden's complaint because her claims are barred under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered

before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). *Rooker-Feldman* does not prevent a plaintiff from proceeding in federal court, however, if the plaintiff has filed a federal suit before her state court proceeding has concluded. *Parker v. Lyons*, 757 F.3d 701, 705–06 (7th Cir. 2014) ("*Rooker-Feldman* does not bar the claims of federal-court plaintiffs who . . . file a federal suit when a state-court appeal is pending."); *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005) ("[A]n interlocutory ruling does not evoke the doctrine or preclude federal jurisdiction."). In Illinois, the entry of a judgment of foreclosure is not final; rather, it becomes final and appealable only when the trial court enters an order confirming the sale and directing the distribution. *EMC Mortg. Corp. v. Kemp*, 982 N.E.2d 152, 154, 2012 IL 113419, 367 Ill. Dec. 474 (2012).

In the underlying foreclosure action, the state trial court entered a judgment of foreclosure on September 13, 2012. But the order approving the foreclosure sale and distribution was entered on March 10, 2014, after Bolden filed this action. Because Bolden filed the present lawsuit before the state court entered the order confirming the foreclosure sale, *Rooker-Feldman* does not apply.[5] *Vazquez v. J.P. Morgan Chase Bank, N.A.*, No. 13-CV-04749, 2014 WL 4414505, at *4 (N.D. Ill. Sept. 8, 2014) (*Rooker-Feldman* doctrine did not apply where plaintiff filed complaint after order of foreclosure but before entry of order approving sale of property); *Garavito v. SunTrust Mortg., Inc.*, No. 11 C 6056, 2013 WL 856127, at *4–5 (N.D. Ill. Mar. 6, 2013) (*Rooker-Feldman* did not apply even though judgment of foreclosure had been entered in

---

[5] The state court order was entered after Bolden's complaint was received by the Court on January 21, 2014 and after it was deemed filed because she paid the filing fee on February 20, 2014. MERS states that Bolden's complaint was filed on March 7, 2014, which appears to be the date MERS received service of the complaint. *See* Doc. 9. Even using this date as the date Bolden filed her complaint, the *Rooker-Feldman* doctrine still does not apply because the order confirming the foreclosure sale was entered three days later, on March 10, 2014.

5

state court proceeding because Seventh Circuit has held that "an interlocutory ruling does not evoke the doctrine or preclude federal jurisdiction" (quoting *TruServ Corp.*, 419 F.3d at 591)).

**II.     Res Judicata**

MERS next argues that if *Rooker-Feldman* does not divest the Court of jurisdiction, then Bolden's claims are barred by *res judicata*. *See Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 706 (7th Cir. 2014) (even though *Rooker-Feldman* does not apply, state court judgment may preclude relief by way of claim or issue preclusion). *Res judicata* is an affirmative defense but may be considered under Rule 12(b)(6) where the plaintiff has through the allegations in her complaint pleaded herself out of court. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008).

The Court applies Illinois law on *res judicata* because the Illinois state court rendered the order to which MERS seeks to give preclusive effect. *See Chicago Title Land Trust Co. v. Potash Corp. of Sask. Sales Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011). *Res judicata* applies here if (1) the identity of the parties or their privies is the same in this suit as in the state foreclosure proceeding, (2) the causes of action in this and the state foreclosure proceeding are the same, and (3) there was a final judgment in the state foreclosure proceeding. *Id.*

The second and third elements are met. Although the *Rooker-Feldman* doctrine does not apply, the order approving the foreclosure sale constitutes a final judgment in the state foreclosure proceeding. *EMC Mortg. Corp.*, 982 N.E.2d at 154. As for the second element, Illinois uses a transactional test to determine whether the causes of action are the same, with separate claims "considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893, 184 Ill. 2d 290, 234 Ill. Dec. 783 (1998). *Res judicata* applies even to claims that were not raised in a prior action if they

were available and could have been raised in the prior action. *Id.* All of Bolden's claims in this case are based on the same group of operative facts at issue in the state foreclosure proceeding, namely that there were defects in the manner in which her loan was originated and securitized. Some of Bolden's claims were raised in the foreclosure proceeding. Others, such as her TILA and RESPA claims, were not brought in the state foreclosure proceeding but could have been raised as a defense there. *See Dye v. Ameriquest Mortg. Co.*, 289 F. App'x 941, 944 (7th Cir. 2008) (TILA claims arose from home loan that was basis of foreclosure action and could have been brought during foreclosure action in an attempt to rescind loan on that basis); *Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 943 (N.D. Ill. 2005) (state and federal courts have concurrent jurisdiction over RESPA and TILA claims and so plaintiff had reasonable opportunity to raise such claims in state court foreclosure proceedings). The Court is not aware of any other barriers to Bolden raising her claims in the foreclosure proceeding; indeed, it appears that she raised many of these objections numerous times in that proceeding. *See Sheikhani v. Wells Fargo Bank*, 526 F. App'x 705 (7th Cir. 2013) ("[N]o state law prevented a challenge in the foreclosure proceedings to the validity of the assignment to Wells Fargo."). Thus, the second *res judicata* requirement is met.

As for the first element, MERS admits that it was not a party to the state foreclosure proceeding but argues that Wells Fargo was and that it is in privity with Wells Fargo. Privity exists "between parties who adequately represent the same legal interests." *Chicago Title Land Trust Co.*, 664 F.3d at 1080 (quoting *People ex rel. Burris v. Progressive Land Developers*, 602 N.E.2d 820, 825, 151 Ill. 2d 285, 176 Ill. Dec. 874 (1992)). The privity determination requires a case-by-case analysis. *Agolf, LLC v. Vill. of Arlington Heights*, 946 N.E.2d 1123, 1132, 409 Ill. App. 3d 211, 349 Ill. Dec. 627 (2011). Bolden has alleged on information and belief that MERS

7

is the purported beneficiary under the mortgage and trust deed or a purported participant in the securitization of her loan. MERS argues that to the extent that Bolden's allegation is accurate, its interests were aligned with those of Wells Fargo in the state foreclosure proceeding, placing it in privity with Wells Fargo. The Court, however, cannot conclude at the pleading stage that Bolden should have raised her claims against MERS in the state foreclosure proceeding, that Bolden would have been able to do so, or that MERS and Wells Fargo are so aligned that Wells Fargo could be considered to have been acting on behalf of MERS in the state foreclosure proceeding. *Cf. Fritz v. GMAC Mortg. Corp.*, No. 07-C-1019, 2008 WL 2783218, at *2–3 (E.D. Wis. July 17, 2008) (although GMAC was not a party to the state court foreclosure judgment, MERS listed GMAC in the caption as the servicer and MERS was acting on behalf of GMAC as its nominee so that GMAC's interests were represented in the state foreclosure action). Thus, without further development of the record, the Court will not apply *res judicata* at this time to bar Bolden's claims against MERS. *See Richardson v. LaSalle Bank*, No. 05 C 5629, 2006 WL 1994574, at *1–2 (N.D. Ill. July 13, 2006) (refusing to decide *res judicata* issue on motion to dismiss).

**III.  Federal Claims**

Bolden has alleged federal claims for violations of TILA and RESPA. TILA provides a one-year statute of limitations where damages are sought. 15 U.S.C. § 1640(e). The limitations period begins to run when the loan is closed, which in this case was on April 8, 2008. *See Jenkins v. Mercantile Mortg. Corp.*, 231 F. Supp. 2d 737, 745 (N.D. Ill. 2002). Bolden's complaint was filed in 2014, well after the TILA statute of limitations for damages actions ran. TILA also provides that a borrower has three years from the time of a loan's closing to seek rescission of that loan. 15 U.S.C. § 1635(f). This is a statute of repose, not a statute of limitations, as it limits only Bolden's right to rescind, not her right to seek judicial enforcement

8

of that rescission. *See Doss v. Clearwater Title Co.*, 551 F.3d 634, 638–39 (7th Cir. 2008) (Section 1635(f) is a statute of repose, a "precondition to a substantive right to relief"); *Lockhart v. HSBC Fin. Corp.*, No. 13 C 9323, 2014 WL 3811002, at *13 & n.9 (N.D. Ill. Aug. 1, 2014). But it has the same effect of preventing Bolden from proceeding on her TILA rescission claim for Bolden's complaint does not suggest that she ever sought to rescind her loan within three years of its origination, thus extinguishing her right to seek rescission based on a TILA violation. *See Carthan-Ragland v. Standard Bank & Trust Co.*, 897 F. Supp. 2d 706, 711 (N.D. Ill. 2012). Although Bolden's RESPA claims are somewhat indecipherable, they appear to best fall under RESPA's anti-kickback provisions, 12 U.S.C. § 2607, which are subject to a one-year limitations period, 12 U.S.C. § 2614. Again, any such violation would have taken place well over a year before she instituted this case, and at least by the time the mortgage foreclosure proceeding was filed in state court in 2010. Thus, Bolden cannot proceed on these claims.

Bolden asserts in her complaint, however, that equitable tolling applies to save her claims. Bolden bears the burden of demonstrating that equitable tolling applies. *Olszewski v. Quicken Loans Inc.*, No. 12-CV-3131, 2013 WL 317060, at *2 (N.D. Ill. Jan. 28, 2013). Initially, equitable tolling does not apply to her TILA rescission claim. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412, 118 S. Ct. 1408, 140 L. Ed. 2d 566 (1998) ("[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period."). Her damages claim under TILA and RESPA may be subject to equitable tolling, but that doctrine applies only where "extraordinary circumstances prevent a party from filing on time." *Bensman v. U.S. Forest Serv.*, 408 F.3d 945, 964 (7th Cir. 2005). More specifically, equitable tolling applies where the plaintiff, through the exercise of due diligence, could not have obtained the information needed to file her claim before the limitations period expired. *Shropshear v. Corp.*

9

*Counsel of City of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001). The defendant's conduct is irrelevant. *Bensman*, 408 F.3d at 964. Equitable tolling is not the same as equitable estoppel or fraudulent concealment, which involves the plaintiff having discovered an injury within the statute of limitations but the defendant taking active steps to keep the plaintiff from suing in time. *Shropshear*, 275 F.3d at 595.

Neither equitable tolling nor equitable estoppel has been sufficiently alleged here. Bolden has not alleged that she was diligent in attempting to learn of the facts underlying her claims within the one-year period after her loan originated or at any point before the foreclosure proceeding was instituted, nor has she alleged that she could not obtain the information necessary to file her claim before the limitations period expired. All that she has alleged is that Defendants did not provide her with the required disclosures, which is not enough. *See Olszewski*, 2013 WL 317060, at *2 (allegation that defendant failed to provide plaintiffs with disclosures in violation of TILA not sufficient to invoke equitable tolling). Equitable estoppel is also not relevant here where there is no suggestion that Bolden was aware of an injury within the limitations period and that Defendants took some action to prevent her from filing within the period that went above and beyond the underlying conduct alleged. *See id.* (plaintiffs failed to allege any efforts by defendants to support application of fraudulent concealment doctrine). Thus, Bolden's TILA and RESPA claims must be dismissed.

**IV.     State Law Claims**

Bolden's complaint does not clearly set forth the basis for this Court's subject matter jurisdiction. Her TILA and RESPA claims provide the court with federal question jurisdiction over those claims and supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §§ 1331, 1367. But with the dismissal of the federal claims, the Court will decline to exercise

10

supplemental jurisdiction over the remaining state law claims unless diversity jurisdiction exists. 28 U.S.C. § 1367(c) (district court may decline to exercise supplemental jurisdiction over state law claims where it has dismissed all claims over which it has original jurisdiction). Bolden's complaint does not reference diversity jurisdiction, however. Moreover, the complaint suggests that diversity is lacking, as Bolden is alleged to be a resident of Illinois, MERS is alleged to be an Illinois corporation, and Ginnie Mae and Wells Fargo are said to be doing business in Illinois. *See* 28 U.S.C. § 1332 (district courts have jurisdiction over state law claims where the amount in controversy exceeds $75,000 and the plaintiff and defendants are citizens of different states); *Howell* v. *Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (complete diversity means that "none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen"). Although the citizenship of the parties may not be as alleged in the complaint, the Court cannot proceed on the assumption that diversity jurisdiction exists. *See Downs v. IndyMac Mortg. Servs., FSB*, 560 F. App'x 589, 591 (7th Cir. 2014) ("[E]ven pro se litigants must follow the requirements of complete diversity in federal court and identify the citizenship of each of the parties."). Thus, without another basis for jurisdiction over the state law claims, the Court declines to exercise jurisdiction over Bolden's state law claims and therefore dismisses them without prejudice. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

Because the Court's findings requiring dismissal of Bolden's complaint apply equally to all Defendants, the Complaint is dismissed as to all Defendants even though only MERS has appeared. *See Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986) (court

11

may *sua sponte* enter judgment in favor of additional non-moving defendants if motion by one defendant is equally effective in barring claim against other defendants and plaintiff had adequate opportunity to respond to the motion); *Roberts v. Cendant Mortg. Corp.*, No. 1:11-CV-01438-JMS, 2013 WL 2467996, at *5 (S.D. Ind. June 7, 2013) (although three defendants had not entered appearances and it was not clear if they had been served, court could impute arguments made by other defendant to all of them and dismiss claims against all defendants). If Bolden believes she can properly assert diversity jurisdiction, she may attempt to amend her complaint with respect to the state law claims here in federal court. Otherwise, if she cannot allege diversity jurisdiction but wishes to proceed with her state law claims, she must refile those claims in state court.

## CONCLUSION

For the foregoing reasons, Defendant Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss [25] is granted. Bolden's TILA and RESPA claims are dismissed with prejudice. Her state law claims are dismissed without prejudice.

Dated: November 18, 2014

_____
SARA L. ELLIS
United States District Judge